IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACK R. DUNCAN                                                        CV. 06-921 KI

       Petitioner,                                         OPINION AND ORDER

  v.

UNITED STATES OF AMERICA

       Respondent.

    JACK R. DUNCAN
    Fed Reg. No. 51466-065
    SWIS 16656
    c/o Multnomah County Detention Center
    Unit: 4A-05
    1120 SW Third Avenue
    Portland, OR  97204

       Petitioner, *Pro Se*

    KARIN J. IMMERGUT
    United States Attorney
    SCOTT ERIK ASPHAUG
    Assistant United States Attorney
    1000 S.W. Third Avenue, Suite 600
    Portland, OR  97204

       Attorneys for Respondent

1 - OPINION AND ORDER

KING, Judge

Petitioner, currently confined in the Multnomah County Detention Center, in Portland, Oregon (MCDC) files this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the petition is DENIED.

## BACKGROUND

On September 17, 2001, Petitioner was sentenced in this court to 41 months incarceration following his conviction for Bank Fraud. Petitioner was released from incarceration to supervised release on August 6, 2004. Petitioner violated the conditions of his release. Instead of revocation, Petitioner was offered an intermediate sanction which included the condition that he reside and participate in a Community Corrections Center (CCC) for up to 120 days. Petitioner accepted the intermediate sanction, and signed a Waiver of Hearing to Modify Conditions of Probation/Supervised Release. On July 1, 2005, the court signed a Petition and Order for Modification of Conditions of Supervised Release imposing the conditions Petitioner agreed to.

On July 19, 2005, Petitioner entered the CCC. He was released from the center on November 15, 2005. On February 17, 2006, a violation warrant was issued after Petitioner violated the terms and conditions of his release. On March 14, 2006, this court revoked Petitioner's supervised release and sentenced him to nine

months incarceration without reimposition of a term of supervised release.

On June 12, 2006, Petitioner filed the instant petition presenting two claims for relief alleging violation of the Fifth Amendment:  1) "Respondent has unlawfully failed to credit Petitioner's supervised release sentence with that time he served at a Federal Comprehensive Sanction Facility . . . [;]" 2) "The Respondent has unlawfully failed to decrease Petitioner's prison term for compelling him to serve a substantial portion of his sentence under deprived jail conditions, rather then [sic] at a more equitable institution for sentenced federal prisoners." Petitioner seeks credit for time served in the CCC and a reduction in time for being in custody at the MCDC rather than in a Federal facility.

## DISCUSSION

As an initial matter, for this court to have jurisdiction Petitioner must name his custodian as the respondent. 28 U.S.C. §2242; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Petitioner has not done so.  Accordingly, this court lacks jurisdiction.  Leave to amend the petition to cure this defect need not be given, however, because the petition lacks merit.

The statute governing Petitioner's claim that Respondent has unlawfully failed to credit him for time served in a CCC is 18 U.S.C. § 3583.  § 3583(e) specifies:

3 - OPINION AND ORDER

> Modification of conditions or revocation of supervised release. **The court may, . . . (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute** for the offense that resulted in such term of supervised release **without credit for time previously served on postrelease supervision,** if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . . (Emphasis added.)

Because Petitioner was found to have violated the terms and conditions of his supervised release and to have committed a new law violation his supervised release was revoked. As noted in the statute, this court was under no obligation to credit time served on post-release supervision upon revoking Petitioner's supervised release. *United States v. Johnson*, 418 F.3d 879, 880 (8th Cir. 2005). Petitioner argues, however, that the time he spent in CCC on supervised release was equivalent to incarceration because of the restrictions imposed on him, and he should therefore receive credit. This argument does not comport with established law.

In *Reno v. Koray*, 515 U.S. 50, 58 (1995), the Supreme Court established that "official detention," for which credit is given, consists of detention in a "penal or correctional facility" with the individual subject to Bureau of Prison (BOP) control. Supervised release to a CCC, regardless of the severity of the restrictions imposed, is not considered "official detention" as the individual is not in BOP custody. *Id*. at 61-64. Incorporating *Koray*'s interpretation of "official detention," the BOP policy for

4 - OPINION AND ORDER

sentencing credits does not award credit for time spent in a CCC. *See* BOP Program Statement 5880.28.  Thus, Petitioner's rights were not violated when he was denied credit for his supervised release.

Petitioner offers no legal support for his second claim, that he is entitled to a reduction in time for his incarceration at MCDC.  It is well settled that authority for the designation of federal inmates to correctional facilities lies with the Bureau of Prisons (BOP).  *See* 18 U.S.C. § 3621(b).  "The Bureau may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another."  18 U.S.C. § 3621(b).  The BOP makes no provisions for giving inmates credit based upon the facility to which they are designated.  In sum, on both claims Petitioner fails to show that his rights have been violated.

## CONCLUSION

For the foregoing reasons, Petitioner's Petitioner for Writ of Habeas Corpus (#2) is DENIED, and this proceeding is DISMISSED, without prejudice.

IT IS SO ORDERED.

DATED this ___22nd___ day of February, 2007.

                                                                      __/s/ Garr M. King__
                                                                       GARR M. KING
                                                                       United States District Judge